IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK C. HEALY, as assignee for PSM HOLDINGS, INC., PRIME SOURCE MORTGAGE, INC., and WWYH, INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>CITIZENS STATE BANK,<br><br>          Defendant. | Case No. CIV-21-750-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff is the assignee for the benefit of creditors with respect to PSM Holdings, Inc. ("PSMHI"), Prime Source Mortgage, Inc. ("PSMI"), and WWYH, Inc. Plaintiff filed the present action alleging that Defendant holds a Certificate of Deposit ("CD") in the amount of $232,500.00 that belongs to Plaintiff by virtue of the filing in Florida of an Assignment for the Benefit of Creditors. Plaintiff has brought claims against Defendant for breach of contract and fraudulent transfer.

Plaintiff's Complaint alleges the following background information: In April of 2015, PSMI deposited $232,500.00 ("Funds") with Defendant and executed a CD. At that time, those parties also executed a Security Agreement. Plaintiff alleges that the original purpose for executing the CD and depositing the funds was to secure certain bonds. Plaintiff alleges the need for that security ended April 24, 2018, and at that point, Defendant became a mere custodian of the funds. On August 13, 2018, PSMI filed its Assignment for the Benefit of Creditors in Florida. Plaintiff alleges that at that time the funds held by Defendant vested in

it as Assignee. Plaintiff now seeks recovery of the funds. In its Answer, Defendant set forth a Counterclaim wherein it alleged it is entitled to retain the funds based on agreements between Defendant and another entity – American Southwest Mortgage Funding Corp. ("Funding"). Defendant alleges that Funding had an agreement with PSMI that would have entitled Funding to recover the funds based on actions of PSMI and that Defendant assumed the rights of Funding.

Plaintiff now seeks dismissal of the Counterclaim. Plaintiff argues the agreements which purportedly support Defendant's claim to the funds are subject to Orders from the Florida court which require any claims related thereto be brought in that court. Plaintiff notes the Counterclaim states a claim for breach of contract by PSMI, with that breach entitling Defendant to retain the funds. Plaintiff argues the claim thus falls within the Florida court's jurisdiction. Plaintiff requests the Court take judicial notice of the Florida court's Orders, find that Defendant has violated those Orders, and dismiss the Counterclaim.

In response, Defendant argues the Florida court did not have personal jurisdiction over it and so the Orders from that court cannot be enforced against Defendant. Defendant asserts that Plaintiff has not and cannot show it had sufficient contacts with the State of Florida sufficient to cause Defendant to reasonably anticipate being haled into court in that state. Defendant argues this fact is not lost on Plaintiff, since after Defendant objected to the Florida court exercising personal jurisdiction, Plaintiff dismissed the action there and refiled it in Oklahoma.

In its Reply, Plaintiff states Defendant's jurisdictional argument confuses the issues because there is no doubt the Florida court had the power to enter orders related to the Assignment. Plaintiff argues that issues of comity require this Court to give effect to those Orders in Oklahoma.

Plaintiff's Reply appears to conflate the concepts of subject matter jurisdiction and personal jurisdiction. Unquestionably, the Florida court had the jurisdictional power to issue orders consonant with Florida law in a case before it. Plaintiff is also correct that the doctrine of comity would compel this Court to give effect to valid orders from another court. Where Plaintiff's argument fails, however, is the absence of any evidence that Defendant was bound by the Orders of the Florida court. That is, there is no evidence the Florida court had personal jurisdiction over Defendant. If there was no personal jurisdiction, then this Court cannot enforce the Florida Order against Defendant. To do so would violate the Due Process clause. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere.") (internal citations omitted).

Plaintiff was fully aware of Defendant's objection to personal jurisdiction in Florida, as Defendant raised the issue in that court. However, Plaintiff dismissed the supplemental proceeding before the jurisdictional issue was resolved by the Florida court. Thus, the issue has not been decided. As the party arguing in support of the personal jurisdiction of the

Florida court, Plaintiff has the burden of establishing a prima facie case. <u>Wenz v. Memery Crystal</u>, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff has failed to make the requisite showing.

Plaintiff also asks the Court to take judicial notice of the Florida court Orders. In most circumstances, the doctrine of comity would compel that result. However, it is apparent that the only purpose for Plaintiff to seek notice is to enforce those Orders against Defendant. For the reasons set forth above, that cannot happen. Thus, Plaintiff's Motion must be denied in its entirety.

As set forth more fully herein, Plaintiff's Motion to Dismiss Citizen State Bank's Counterclaim and for Judicial Notice of Order Granting Motion for Channeling Order (Dkt. No. 14) is DENIED.

IT IS SO ORDERED this 23rd day of November 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge