IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK C. HEALY as assignee for PSM HOLDINGS, INC., PRIME SOURCE MORTGAGE, INC., and WWYH, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>CITIZENS STATE BANK,<br><br>        Defendant/Third Party Plaintiff,<br><br>vs.<br><br>JEFFREY SMITH,<br><br>        Third Party Defendant. | Case No. CIV-21-750-C |

## MEMORANDUM OPINION AND ORDER

Following entry of judgment in his favor, Plaintiff has filed a Motion for Attorneys' Fees. In his Motion, Plaintiff seeks $255,407.50 in attorneys' fees. Defendant Citizens State Bank ("Citizens") objects to the request. Plaintiff also seeks to recover nontaxable costs in the amount of $5,549.97.[1] Defendant Citizens objects to this request arguing there is no basis to award nontaxable costs. Third-Party Defendant Jeffrey Smith also seeks to recover attorneys' fees and costs.

---

[1] To the extent Plaintiff sought to recover costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, those costs were presented to the Court Clerk who entered an award on September 22, 2022. As no party has objected to that determination, it will not be further considered.

**A. Attorneys' Fees**

Citizens raises three objections to Plaintiff's request for fees.  First, Citizens argues that Plaintiff has failed to apportion the fees sought between fee-bearing and non-fee-bearing claims.  Citizens argues that Plaintiff only sought judgment on two of the four claims raised.  Further, of the two claims on which Plaintiff prevailed at summary judgment, neither supports an award of attorneys' fees.  Citizens agrees that the counterclaims which it raised and on which Plaintiff prevailed at summary judgment are fee-bearing, but that those claims were not raised until August 30, 2012, and so any fees incurred prior to that date are not recoverable.  Citizens argues that after that date, Plaintiff makes no effort to apportion the fees between work on the counterclaims and work for which fees are not recoverable.  Citizens argues that Plaintiff cannot demonstrate that work on the counterclaims was indivisible from other work.

Plaintiff does not dispute that as a general rule, apportionment is required.  However, he notes that where, as is the case here, the work done on non-fee-bearing matters would have necessarily been incurred on fee-bearing matters, the time compensable and apportionment is not necessary.  See Musket Corp. v. Star Fuel of Oklahoma, LLC, Case No. CIV-11-444-M, 2016 WL 1057800, at *5 (W.D. Okla. Mar. 14, 2016).  Plaintiff also directs the Court to WinCo Foods, LLC v. Crossland Constr. Co., Inc., Case No. CIV-18-0175-HE, 2022 WL 1467647 at *8 (10th Cir. May 10, 2022), where the Tenth Circuit held that apportionment was unnecessary where the case involved closely-

interrelated claims. Plaintiff also notes that Citizens' date of filing the counterclaim is a red herring, as Citizens had informed Plaintiff well before that date that it intended to pursue a set-off. Plaintiff argues that it is clear that the majority of the work performed by each party in this case centered on the counterclaim issue of set-off rather than his affirmative claims.

After consideration of the parties' arguments and supporting evidence, the record on summary judgment and the Court's familiarity with the issues which were decided by summary judgment, the Court finds apportionment unnecessary in this case. As Plaintiff argues, the majority of the work performed was relevant to address the issue of set-off and there is no dispute that issue is fee-bearing. To the extent Plaintiff seeks compensation for work on other issues, the Court finds it impractical to apportion the time. See WinCo Foods, 2022 WL 1467647 at *8. As for fees incurred prior to filing of the counterclaim, Plaintiff's argument regarding Citizens' prior notice that it would be pursuing that issue is well supported. The time records from Plaintiff support that work performed prior to filing was intertwined with that work necessary to address the counterclaim.

Citizens' second argument is that Plaintiff cannot recover fees for the work performed before the Florida Court. Citizens argues that Plaintiff recognized that Florida did not have personal jurisdiction over it and then dismissed the case. According to Citizens, Plaintiff cannot recover fees for work performed in a case where there was no prevailing party. In response, Plaintiff argues that the fees incurred in Florida were

incurred doing work that would have been necessary to prosecute the case before this Court. Citizens does not argue that the fees would not have been necessarily incurred had the work been done in this case rather than in Florida.

The Court finds Plaintiff's position well supported. Plaintiff's billing records support that much of the work performed in the Florida litigation would have been necessary even had this action been the only one filed. Therefore, the fees incurred in the Florida litigation are recoverable here.

Finally, Citizens challenges the fees of Plaintiff's lead counsel for travel to and attendance at the Scheduling Conference. Citizens argues that matter could have been adequately handled by local counsel. Further, if lead counsel wanted to attend, he could have done so telephonically rather than appearing in person.

Citizens' argument will be denied. As Plaintiff notes, LCvR 16.1(b)(4) requires attendance by "[c]ounsel with authority to make appropriate decisions . . . ." Further, given that this was the first appearance in the matter, and that Citizen's counsel would appear in person, it was reasonable for lead counsel to travel to and attend the Status Conference. The associated fees are recoverable.

**B. Non-Taxable Costs**

Plaintiff argues that Section 18 of the Agreement that was the basis for this litigation provides the prevailing party shall recover its attorney fees and costs. Relying on this

provision, Plaintiff seeks to recover $5,549.97 in non-taxable costs. In response, Citizens argues the provision relied on by Plaintiff is inapplicable.

The provision at issue states:

If Seller or Buyer should breach or fail to perform any provision of this Agreement, the defaulting party shall pay all costs and expenses, including court costs and reasonable attorney's fees incurred by the other party in the enforcement of this Agreement.

(Dkt. No. 91, Exh. 3, p. 11). Citizens argues this provision does not entitle Plaintiff to recover its non-taxable costs for three reasons: 1) Citizens is not a "defaulting" party under the Agreement; 2) there was no allegation that Citizens breached or failed to perform obligations arising out of the Agreement; and 3) the present action was not one to enforce the Agreement.

Citizens' position is unsupportable. At a minimum, Citizens raised as a counterclaim that Plaintiff had breached the Agreement. Plaintiff prevailed on that position. Thus, there was an allegation of breach and costs incurred in establishing no breach occurred. Consequently, Plaintiff is entitled to recover $5,549.97 in non-taxable costs.

**C. Jeffrey Smith**

Third-Party Defendant Jeffrey Smith ("Smith") seeks to recover $31,661.50 in attorney fees and non-taxable costs in the amount of $1,261.49. Citizens did not object to the attorney fees request. Accordingly, Smith's Motion will be granted. As for Smith's request for non-taxable costs, Citizens' raised the same objections considered and rejected

when ruling on Plaintiff's request for non-taxable costs. Accordingly, Smith's Motion will be granted.

## **CONCLUSION**

As set forth more fully herein, Plaintiff's Motion for Attorneys' Fees (Dkt. No. 90) is GRANTED. Plaintiff is awarded attorneys' fees in the amount of $255,407.50. Plaintiff's Motion for Recovery of Non-Taxable Costs (Dkt. No. 91) is GRANTED. Plaintiff shall recover non-taxable costs in the amount of $5,549.97. Third Party Defendant's Motion for Attorney Fees (Dkt. No. 93) is GRANTED. Third Party Defendant is awarded attorney's fees in the amount of $31,661.50. Third Party Defendant's Motion for Recovery of Non-Taxable Costs (Dkt. No. 94) is GRANTED. Third Party Defendant shall recover non-taxable costs in the amount of $1,261.49.

IT IS SO ORDERED this 29th day of November 2022.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge